IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY HEADRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-67-GPM-DGW |
| ) | |
| MEARL JUSTUS, LEVY BRIDGES, SGT. ) | |
| BLACKBURN, and SGT. NICKOL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now Pending before the Court are the Motion to Appoint Counsel and the Motion to Compel filed by Plaintiff on February 13, 2013 (Docs. 7 and 8). The Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE** and the Motion to Compel is **DENIED.**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record.  *Pruitt*, 503 F.3d at 655-656.

Plaintiff has attached three letters to his Motion to Appoint Counsel, two from DePaul University and one from the law firm Latham and Watkins.   The Court finds that Plaintiff has not made a sufficient effort to secure counsel without Court assistance.  Plaintiff is **DIRECTED** to contact at least two (2) additional attorneys and request representation.  Plaintiff is further instructed that in any future motion for appointment of counsel, he shall submit the letter that he mailed to the attorneys and any response he receives (if any).  Plaintiff is cautioned that it is insufficient to contact legal organizations but that he must contact individual attorneys or law firms.  In any future motion for appointment of counsel Plaintiff shall also indicate his highest level of education, whether an attorney has been appointed in any other civil or criminal case in which he was involved (Plaintiff shall provide a case title, the assigned Judge, the attorneys name, and the result of the proceeding, if applicable), whether his financial status has changed since the filing of his Motion for Leave to Proceed in forma pauperis, whether he is capable of reading, writing, and understanding the English language, and whether he is taking medications (and if so, the names of those medications).

With respect to discovery, Plaintiff was directed by Judge Murphy, in an Order dated January 18, 2013 (Doc. 1) to file an Amended Complaint by February 8, 2013.  The Amended Complaint was not filed until February 13, 2013.   While not listed in the Complaint, the Plaintiff is reminded that pursuant to Judge Murphy's Order dated August 20, 2012 (which was filed in Plaintiff's original case but docketed in this case on January 18, 2013 at Doc. 4) his claims are limited to two: Count 1 is an Eighth Amendment claim that Plaintiff was subjected to inadequate

2

housing conditions; and, Count 2 is a First Amendment Claim for denial of access to the courts. Plaintiff is further reminded that the deadlines established in this Court are not suggestions:  He must file documents by the date indicated in the Order or explain why he cannot do so by the deadline.   Late filings will not be tolerated unless there is good cause for the delay.

Discovery in this case will not start until Defendants have filed an Answer and a scheduling order has bee issued.

**DATED: February 20, 2013**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**